UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors,<br><br>————————————————<br><br>FIRSTENERGY SOLUTIONS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>BLUESTONE ENERGY SALES CORP.<br><br>Defendant. | Chapter 11<br><br>Case No. 18-50757<br>(Jointly Administered)<br><br>Hon. Judge Alan M. Koschik<br><br>Adversary No. |

## COMPLAINT

Plaintiff FirstEnergy Solutions Corp. ("FES" or "Plaintiff"), a debtor in the above-captioned chapter 11 case, through its undersigned counsel, hereby files this Complaint for turnover and breach of contract against defendant Bluestone Energy Sales Corp. ("Bluestone" or "Defendant"), and in support thereof alleges as follows:

### PARTIES

1.  Plaintiff FES is an Ohio corporation with its principal place of business located at 341 White Pond Drive, Akron, Ohio 44320.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC ("FG") (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC ("NG") (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company ("FENOC") (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

1

2. On information and belief, Defendant Bluestone is a Virginia corporation with its principal place of business located at 302 S. Jefferson Street, Roanoke, Virginia 24011.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding under 28 U.S.C §§ 157(b)(2)(A) and 157(b)(2)(E), and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the North District of Ohio pursuant to 28 U.S.C. §§ 1408-09.

## BACKGROUND

5. On March 31, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes and are being jointly administered.

6. The Debtors are presently operating their businesses and managing their property as debtors and debtors in possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

**The Coal Purchase Agreement**

7. On October 10, 2016, Bluestone and FES entered into a Coal Purchase Agreement (the "Agreement"), attached hereto as Exhibit A, under which Bluestone and FES agreed that Bluestone would purchase from FES 130,771 tons of coal (the "Purchased Tons") that FirstEnergy Generation LLC ("FG") had previously purchased from Bluestone.

8. The Purchased Tons were located at a stockpile on Bluestone's property, the Bent Mountain Operation located near Meta, Kentucky, held for FG's benefit, pursuant to a prior agreement between Bluestone and FG (as assignee of Monongahela Power Company).

9. Effectively, Bluestone was to buy back the coal it had previously sold to FES, agreeing to pay FES after Bluestone was able to sell the coal to third-party customers. Regardless of whether Bluestone sold all of the Purchased Tons to third parties, it agreed to take ownership of all the Purchased Tons left at the stockpile "in no event later than February 28, 2017." Agreement § 2.

10. If any Purchased Tons remained in the stockpile as of February 28, 2017, Bluestone was obligated to pay FES for the remaining Purchased Tons no later than March 7, 201[7] (the "Final Payment Date").[2]

11. Pursuant to the terms of the Agreement, Bluestone agreed to pay $40 per ton for the Purchased Tons.

**Bluestone Breaches the Agreement by Failing to Make the Final Payment**

12. As of March 2, 2017, less than a week before the Final Payment Date, roughly 77,095.94 tons of coal of the Purchased Tons remained at the stockpile.

13. In or around March 2, 2017, FES employee Ken Peace received a letter, attached hereto as Exhibit B, from Bluestone's Vice President of Treasury, Summer Harrison (the "March Letter").

14. In the March Letter, Bluestone informed FES that Bluestone had a "significant amount of coal in inventory that it [wa]s waiting to ship." Bluestone acknowledged that it intended to deliver the remaining Purchased Tons, approximately 77,059.94 tons (the "Remaining Tons"), to its customers by April 15, 2017.

15. Accordingly, Bluestone acknowledged in the March Letter that it owed FES the payment for the Remaining Tons under the Agreement and informed FES that payment would be

---

[2] The Agreement states that the final payment is due no later than March 7, 2016. This appears to be a scrivener's error. The logical reading of the Agreement establishes that the parties meant that payment was due on March 7, 2017.

delayed until it was able to ship the Remaining Tons to its customers. Specifically, under the terms of the Agreement, Bluestone was to pay FES $40 per ton for the Remaining Tons by March 7, 2017, for a total of $3,082,397.60 (the "Final Payment").

16. Bluestone did not remit to FES the Final Payment on March 7, 2017, as it was required to do under the terms of the Agreement.

17. Bluestone did not remit to FES the Final Payment on or around April 15, 2017, as it said it would do in the March Letter.

18. On or around September 24, 2018, FES sent a letter, attached hereto as Exhibit C, reminding Bluestone of its contractual obligation to make the Final Payment (which Bluestone itself recognized in the March Letter) and requesting that Bluestone remit the Final Payment (the "September Letter").

19. Bluestone did not respond to the September Letter.

20. As of the date of this Complaint, Bluestone has not remitted to FES the Final Payment.

**FIRST CLAIM FOR RELIEF**

**TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(a)-(b)**

21. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 20 as if fully set forth herein.

22. Section 542(a) of the United States Bankruptcy Code provides, in pertinent part:

> [A]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of [the Bankruptcy Code], . . . shall deliver to the trustee, and account for, such property or the value of such property . . . .

11 U.S.C. § 542(a).

23. Section 542(b) of the United States Bankruptcy Code provides, in pertinent part:

> [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to . . . the trustee . . . .

11 U.S.C. § 542(b).

24. Section 541 of the Bankruptcy Code provides that a debtor's estate is comprised of, subject to certain exceptions, "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).

25. Bluestone is in possession, custody, or control of the Final Payment.

26. Bluestone has, among other things, acknowledged through the March Letter that the Final Payment is property of Debtor FES, or, in the alternative, that the Final Payment is a matured debt, payable on demand, owed to the estate. However, Bluestone has failed to deliver the Final Payment to FES.

27. Therefore, pursuant to 11 U.S.C. § 542(a)-(b), FES is entitled to the turnover of the Final Payment.

## SECOND CLAIM FOR RELIEF

## BREACH OF CONTRACT

28. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 20 as if fully set forth herein.

29. Even if the Court finds that the Final Payment is not property of the estate or not a debt such that FES is not entitled to turnover pursuant to 11 U.S.C. § 542(a)-(b), Bluestone breached the Agreement, and FES is entitled to damages.

30. FES contracted with Bluestone to receive $40 per ton for the Purchased Tons. In exchange, FES agreed to provide the Purchased Tons to Bluestone.

31. FES fully and properly performed all conditions, covenants, and acts required to be performed on its part in accordance with the terms and conditions of the Agreement.

32. Bluestone breached its obligations under the Agreement by failing to remit the Final Payment to FES.

33. As a direct result of Bluestone's breach, FES has sustained damages at least in the amount of $3,082,397.60, the final amount due for the sale of the remaining 77,059.94 tons of coal multiplied by the contractual price of $40 per ton.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief against Defendant as to Counts I and II of this Complaint, and that the Court enter judgment against Defendant as follows:

1. requiring Defendant to turn over, pursuant to 11 U.S.C. § 542(a)-(b), the Final Payment;

2. in the alternative, finding that Defendant breached the Agreement by failing to remit to Plaintiff the Final Payment and thus awarding appropriate damages, at least in the amount of $3,082,397.60;

3. granting Plaintiff pre- and post-judgement interest; and

4. granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: December 13, 2018

Respectfully submitted,

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Joseph Sorkin (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
jsorkin@akingump.com

*Counsel for Plaintiff FES*