UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION at AKRON

| | |
|---|---|
| IN RE FIRSTENERGY SOLUTIONS CORP., ET AL.,<br><br>Debtors | Case No. 18-50757-AMK<br><br>Chapter 11<br><br>Honorable Alan M. Koschik,<br>United States Bankruptcy Judge |
| FIRSTENERGY SOLUTIONS CORP.,<br><br>Plaintiff,<br><br>V.<br><br>BLUESTONE ENERGY SALES CORP.,<br><br>Defendant. | Adversary Proceeding 18-5100 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO WITHDRAW THE REFERENCE**

Defendant Bluestone Energy Sales Corp. ("Bluestone"), through counsel, and pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), respectfully moves the Court to enter an Order withdrawing the reference of the present Adversary Proceeding filed by Plaintiff FirstEnergy Solutions Corp. ("FirstEnergy" or "FES" or "Plaintiff"). In support of this Motion, Bluestone respectfully states as follows:

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Bluestone and FirstEnergy entered into a Coal Purchase Agreement (the "Agreement") on October 10, 2016. Broadly speaking, Bluestone agreed to buy certain coal from FirstEnergy (that an affiliate of FirstEnergy had previously purchased from Bluestone) and pay for the coal as

it was sold to third parties. FirstEnergy alleges that Bluestone breached the Agreement by failing to make a "Final Payment" on or about March 7, 2017.

More than a year later, on March 31, 2018, FES filed its Chapter 11 Voluntary Petition, commencing the above-styled main bankruptcy case. In December 2018, FES filed its Adversary Complaint against Bluestone, alleging a turnover claim (Count I) and, in the alternative, a breach of contract claim (Count II). Bluestone moved to dismiss Count I on the grounds that FES could not state a proper turnover claim because the money it sought was a disputed contractual obligation and not property of the estate. The Bankruptcy Court denied Bluestone's Motion to Dismiss, concluding that FirstEnergy had properly pled a claim for turnover at this stage of the proceedings. Bluestone, having recently answered the Adversary Complaint, now seeks to withdraw the reference as to the Adversary Complaint.

## ARGUMENT

### I. SECTION 157(d) STANDARD

As this Court is well aware, because Bankruptcy Courts are not Article III courts, they derive their limited jurisdiction from the District Courts' referral of bankruptcy matters. Specifically, under 28 U.S.C. § 1334(b), the United States District Courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Each district may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Because the Bankruptcy Court only acquires jurisdiction by reference from the District Court, a District Court may, pursuant to 28 U.S.C. § 157(d), "withdraw, in whole or in part, any case or proceeding referred under this

2

section, on its own motion, or on timely motion by any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added).

Because the Bankruptcy Code does not define "cause, courts have developed a non-exhaustive list of factors to consider in determining whether cause exists. These factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. See Rabin v. Skoda Minotti & Co. (In re InkStop, Inc.), 2012 U.S. Dist. LEXIS 11377, *3 (N.D. Ohio Jan. 31, 2012) (citation omitted); see also Nukote Int'l, Inc. v. Office Depot, Inc., 2009 U.S. Dist. LEXIS 106702, **9-10 (M.D. Tenn. Nov. 16, 2009) (listing similar factors). If "one or more of these factors is present, the court may find that cause exists to withdraw the matter." Id. (quoting United States v. Kaplan, 146 B.R. 500, 504 (D. Mass. 1992)).

### A. First Energy's Breach Of Contract Claim Is Non-Core.

A court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." Id. (quoting Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993)). A non-core proceeding has four characteristics: (1) it is not specifically identified as a core proceeding under 28 U.S.C. §§ 157(b)(2)(B)-(N); (2) it existed prior to the filing of the bankruptcy case; (3) it would continue to exist independent of the provisions of the bankruptcy code; and (4) the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case. See In re Hughes-Bechtol, 141 B.R. 946, 948-49 (Bankr. S.D. Ohio 1992).

Here, Count II (breach of contract) of FirstEnergy's Adversary Complaint is a non-core claim. Breach of contract claims are not identified as core proceedings under 28 U.S.C. §§ 157(b)(2)(B)-(N). Next, the Adversary Complaint states that Bluestone and FirstEnergy entered into a Coal Purchase Agreement ("the Agreement") in October 2016 and alleges that Bluestone breached the Agreement by failing to pay the Final Payment on or about March 7, 2017. FirstEnergy did not file its Chapter 11 Voluntary Petition commencing the above-styled main case until March 31, 2018. Thus, FirstEnergy's alleged claim existed prior to the filing of the bankruptcy case. See In re McCrary & Dunlap Constr. Co., 256 B.R. 264, 267 (M.D. Tenn. 2000) (collecting cases and finding "claims . . . when grounded in state law and arising pre-petition, must be treated as non-core"). As a simple breach of contract claim, that claim arises under common law and would plainly continue to exist independent of the provisions of the bankruptcy code. See Messinger v. Chubb Grp. Of Ins. Cos., 2007 U.S. Dist. LEXIS 35842, *6 (N.D. Ohio May 16, 2017) (a proceeding "seeking to adjudicate primarily private causes of action[] is distinct from the restructuring of debtor-creditor relations, which forms the heart of the federal bankruptcy court's jurisdiction) (citing N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 71-72 (1982)). Finally, the parties' rights and obligations are not significantly affected by the bankruptcy case as demonstrated by the fact that through and including the Fifth Amended Disclosure Statement, there has been no mention of this claim.

Bluestone recognizes that Courts in this District often refuse to grant motions to withdraw the reference as premature when the Bankruptcy Court has not decided whether the matter is core or non-core. See In re Rivera, 2005 U.S. Dist. LEXIS 23304, at *4 (N.D. Ohio Oct. 12, 2005) ("the question of whether an adversary proceeding is a core proceeding should initially be decided by the bankruptcy court") (citation omitted); see also 28 U.S.C. § 157(b)(3)).

Bluestone maintains that Count II of FirstEnergy's Adversary Complaint is unquestionably not a core matter. Regardless, even if the Court finds this Motion premature because the Bankruptcy Court has not yet officially deemed this a non-core proceeding, there is sufficient, independent cause to withdraw the reference as explained below.

> **B. Bluestone's Right To A Jury Trial And Refusal To Consent To A Final Determination By The Bankruptcy Court Are Sufficient "Cause" To Withdraw The Reference Of The Adversary Proceeding.**

Bluestone's Answer to the Adversary Complaint, filed on May 28, 2019, demonstrates that Bluestone has demanded its right to a jury trial and that it does not consent to a final determination of this proceeding by the Bankruptcy Court. Those facts are independent and sufficient cause to withdraw the reference of this Adversary Proceeding.

Count II of FirstEnergy's Adversary Complaint seeks damages for an alleged breach of contract. Because FirstEnergy seeks monetary damages from Bluestone, its claim for breach of contract renders this matter an action at law, not equity. See In re Infotopia, Inc., 2007 U.S. Dist. LEXIS 74087, at *3 (N.D. Ohio Sept. 26, 2007). The Seventh Amendment to the United States Constitution generally provides a right to a jury trial in actions at law. Id. (citing In re Rodgers & Sons, Inc., 48 B.R. 683, 688 (Bankr. D. Okla. 1985) ("[T]his Court follows the line of cases that determine entitlement to a jury trial by whether the cause of action lies in equity or is brought at law[.]"). Critically, the Bankruptcy Code does not authorize a Bankruptcy Judge to conduct jury trials absent special designation pursuant to 28 U.S.C. § 157 and the consent of the parties. See 28 U.S.C. § 157(e); see also Local Bankr. R. 9015-2(a).

Here, Bluestone has a right to jury trial on FirstEnergy's breach of contract claim. In its Answer to the Adversary Complaint, Bluestone has in fact demanded a jury trial. And, further, Bluestone in its Answer likewise noted its refusal to consent to the entry of final judgment by the

Bankruptcy Court. As the Court in In re Inkstop, supra, concluded, these facts represent independent and sufficient cause to withdraw the reference – regardless of the fact that the Bankruptcy Court has not expressly ruled whether this matter is core or non-core. Id. at *6 (citing Peachtree Lane Assocs., Ltd. v. Granader, 175 B.R. 232, 235 (N.D. Ill. 1994) ("'[C]ause' to withdraw the reference automatically exists in cases where the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment.") (quoting In re Americana Expressways, Inc., 161 B.R. 707, 709 (D. Utah 1993)).

    **C.**    **Withdrawing The Reference Furthers Efficiency And Judicial Economy.**

Count II of FirstEnergy's Adversary Complaint is a simple breach of contract claim. It existed before the bankruptcy (i.e., pre-petition), arises under state law, and is wholly distinct from typical claims arising in bankruptcy. It cannot reasonably be disputed that it is a non-core claim. Other courts have held that "[t]his conclusion tips the balance heavily in favor of withdrawing the reference." Nukote, supra, at *16. For example, the Second Circuit held that "[t]he most important factor is whether a proceeding is core or non-core, because efficiency, uniformity and judicial economy concerns are largely subsumed within it." In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996) (internal quotation marks omitted). And the Messinger court cogently explained that "whether a proceeding is core or non-core is the most important factor in deciding a motion to withdraw the reference . . . [because] it makes more sense for a court of broader jurisdiction to consider the potentially broad range of legal issues present in a non-core proceeding." Messinger, supra, at *2. As in Nukote, supra, "there is little connection between the formal administration of the estate and this litigation, and the fact that [FES] is a debtor in bankruptcy does not afford the plaintiff the privilege of having all of its litigation conducted in the Bankruptcy Court." Id. at *19.

To further the same goals of efficiency and judicial economy, Count I of the Adversary Complaint should be likewise be withdrawn. Although pleaded as a turnover claim under section 542 of the Bankruptcy Code, Count I is actually a garden variety breach of contract claim pleaded in the alternative as a turnover claim. Count I seeks the exact same relief as the breach of contract claim asserted in Count II—recovery of a fixed amount of damages for Bluestone's alleged failure to make a "Final Payment." While the Bankruptcy Court ruled that within the four corners of the Complaint a turnover claim was pleaded, the Court was careful to note that it was not finding that the claim for the Final Payment was a valid turnover claim. In Bluestone's Answer, it denies that a Final Payment was due in March 2017, disputes the amount owed under the Coal Purchase Agreement, and denies that it holds any property of the estate that is subject to a turnover claim. Bluestone has also pleaded an affirmative defense that (among other things) the parties agreed to require Bluestone to make payments to the Plaintiff only as coal was resold.[1] Resolution of Count I will depend on findings of fact, such as the precise amount owed and appropriate due date, which Bluestone has requested be decided by a jury. In any event, because Count II must be decided by a jury and therefore the reference to that Count must be withdrawn, the interests of judicial economy and avoidance of inconsistent adjudications are best served by removal of the reference as to the entire Adversary Proceeding.

## **CONCLUSION**

For the foregoing reasons, Bluestone respectfully requests that the Court withdraw the reference of the Adversary Complaint from the Bankruptcy Court.

---

[1] Bluestone also denied a paragraph of the Complaint that contained a footnote which alleges that although the parties' Agreement states that the Final Payment is due March 7, 2016, the parties must have meant 2017 because the Agreement was not entered into until October 2016. It is not clear from the four corners of the Agreement when the Final Payment was or is due.

Respectfully submitted

/s/ Richard A. Getty
RICHARD A. GETTY
(Ohio Bar #23245)

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
Telephone: (859) 259-1900
Facsimile: (859) 259-1909
rgetty@gettylawgroup.com

COUNSEL FOR DEFENDANT
BLUESTONE ENERGY SALES CORP.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Memorandum In Support Of Defendant's Motion To Withdraw The Reference was served on this the 3rd day of June, 2019, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and applicable Standing Order(s), if any, upon the following:

Marc B. Merklin (0018195)
    and
Kate M. Bradley (0074206)
BROUSE MCDOWELL LPA
338 South Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com

Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Joseph Sorkin (admitted *pro hac vice*)
    and
Christopher Gessner (admitted *pro hac vice*)

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
jsorkin@akingump.com
cgessner@akingump.com

COUNSEL FOR PLAINTIFF
FIRSTENERGY SOLUTIONS CORP.

/s/ Richard A. Getty
COUNSEL FOR DEFENDANT

mwepld0733

8

18-05100-amk    Doc 23-1    FILED 06/03/19    ENTERED 06/03/19 13:51:55    Page 8 of 8