UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION at AKRON

| | |
|---|---|
| IN RE FIRSTENERGY SOLUTIONS CORP., ET AL.,<br><br>Debtors | Case No. 18-50757-AMK<br><br>Chapter 11<br><br>Honorable Alan M. Koschik,<br>United States Bankruptcy Judge |
| FIRSTENERGY SOLUTIONS CORP.,<br><br>Plaintiff,<br><br>V.<br><br>BLUESTONE ENERGY SALES CORP.,<br><br>Defendant. | Adversary Proceeding 18-5100 |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE**

Defendant Bluestone Energy Sales Corp. ("Bluestone"), through counsel, and pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), submits this Reply Memorandum in support of its Motion to Withdraw the Reference of the Adversary Proceeding filed by Plaintiff FirstEnergy Solutions Corp. ("FirstEnergy" or "FES" or "Plaintiff"). In further support of its Motion, Bluestone respectfully states as follows:

**INTRODUCTION**

FirstEnergy's Objection to Bluestone's Motion to Withdraw the Reference fails to dispute and/or concedes several critical facts and arguments that weigh heavily in favor of withdrawing the reference. For instance, FirstEnergy does not dispute that its breach of contract

claim is non-core, that Bluestone is entitled to a jury trial on that claim, that Bluestone has in fact made a timely jury demand, and that Bluestone has expressly not consented to the Bankruptcy Court entering a final judgment in this matter. These undisputed facts, standing alone, are more than sufficient to demonstrate cause to withdraw the reference.

Yet, instead of challenging these facts or arguing that withdrawing the reference is wrong or improper, FirstEnergy merely claims that it is premature and, perhaps, futile. According to FirstEnergy, Bluestone's request to withdraw the reference is premature because the Bankruptcy Court has not determined whether the matter is core or non-core and because this dispute is not yet ready for trial. FirstEnergy further asserts that withdrawing the reference is futile because FirstEnergy boldly asserts that it is virtually guaranteed to win summary judgment on its turnover claim, thus eliminating any need for trial. These arguments, as should be apparent on their face, are without merit. As explained below, this matter is indisputably non-core; there is cause to withdraw the reference; withdrawing the reference is not premature; and, the relevant factors weigh heavily in favor of withdrawing the reference for the entire Adversary Proceeding.

## ARGUMENT

**I. CAUSE TO WITHDRAW THE REFERENCE AUTOMATICALLY EXISTS AS A RESULT OF BLUESTONE'S JURY DEMAND.**

On May 28, 2019, Bluestone filed its Answer to FirstEnergy's Adversary Complaint, expressly invoking its right to a jury trial and stating that it does not consent to a final determination of this proceeding by the Bankruptcy Court. [See Adversary Complaint and Answer, attached respectively as Exhibits A and B.] In its Opposition to the Motion to Withdraw the Reference ("Response"), FirstEnergy concedes these facts, noting that it "does not dispute Bluestone's demand for a jury trial on [the] Breach of Contract Claim, or the propriety of

conducting such trial in District Court[.]"[1]  See Response at p. 8.  It is therefore undisputed that Bluestone is entitled to a jury trial on Count II of the Adversary Complaint, that it has timely invoked that right, and that the Bankruptcy Court can neither conduct such a trial nor enter a final judgment on that Count.  These facts, alone, are sufficient to grant Bluestone's Motion and withdraw the reference of this Adversary Proceeding.

In Caudill v. Burrows (In re Oasis Corp.), 2008 U.S. Dist. LEXIS 122116 (S.D. Ohio June 18, 2008), the Court explained why a motion to withdraw the reference must be granted when a civil jury trial is properly demanded:

> A bankruptcy judge is not authorized to conduct jury trials absent special designation by the district court under 28 U.S.C. § 157(e) and consent of the parties.  The Seventh Amendment provides for the right to a trial by jury:  'In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of common law.'  U.S. Const., Amend. VII.  The parties do not dispute that Defendants are entitled to a jury trial on the state-law claims set forth in Counts One through Five.
>
> <u>Where the party seeking withdrawal of the reference is entitled to a jury trial under the Seventh Amendment, cause to withdraw the reference automatically exists</u>.

In re Oasis Corp., supra, at *6 – 7 (citing In re Infotopia, Inc., 2007 U.S. Dist. LEXIS 74087, *2 (N.D. Ohio Sept. 26, 2007) (emphasis added)).

Consistent with Oasis Corp., supra, courts have generally held that the properly exercised right to a jury trial, on its own, constitutes sufficient "cause" to withdraw the reference where there is no mutual consent to trial before the bankruptcy court.  See Sergent v. McKinstry, 472 B.R. 387, 405 (E.D. Ky. 2012) ("Because the Plaintiff has a jury trial right on all of her causes of

---

[1] These admissions implicitly and necessarily establish that FirstEnergy's breach of contract claim is in fact non-core.  Otherwise, Bluestone would have no right to a jury trial before the District Court.  See also See Messinger v. Chubb Grp. Of Ins. Cos., 2007 U.S. Dist. LEXIS 35842, *6 (N.D. Ohio May 16, 2017) (A proceeding "seeking to adjudicate primarily private causes of action[] is distinct from the restructuring of debtor-creditor relations, which forms the heart of the federal bankruptcy court's jurisdiction.") (citation omitted).

action, cause to withdraw the reference 'automatically exists' regardless of the remaining factors.") (citation omitted); Rabin v. Skoda Minotti & Co. (In re InkStop, Inc.), 2012 U.S. Dist. LEXIS 11377, *5 (N.D. Ohio Jan. 31, 2012) ("[P]laintiff's right to a jury trial, jury demand and defendants' refusal to consent to final determination by the Bankruptcy Court demonstrate independent and sufficient 'cause' to withdraw the reference of the adversary proceeding."); In re 131 Liquidating Corp., 222 B.R. 209, 211 (S.D.N.Y. 1998) ("[I]f a case is non-core and jury demand has been filed, the district court may find that the inability of the bankruptcy court to hold the trial itself constitutes cause to withdraw the reference."); Growe v. Bilodard Inc., 325 B.R. 490 (D. Me. 2005) ("[A] valid jury demand can have the effect of mandating withdrawal to the District Court for trial."); LHC, LLC v. Club Sporting Consulting Grp., Inc., 2015 U.S. Dist. LEXIS 89011, *3 (N.D. Ill. July 8, 2015) (finding cause to withdraw reference where defendants in adversary proceeding neither waived right to jury trial nor consented to trial in bankruptcy court); Peachtree Lane Assocs., Ltd. v. Granader, 175 B.R. 232, 235 (N.D. Ill. 1994) ("'[C]ause' to withdraw the reference automatically exists in cases where the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment.") (quoting In re Americana Expressways, Inc., 161 B.R. 707, 709 (D. Utah 1993)); and In re Hardesty, 190 B.R. 653, 655 (D. Kan. 1995) ("Sufficient cause for withdrawal of the reference exists where the adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand for a jury trial, and no mutual consent to trial before the bankruptcy court.").

The preceding authority demonstrates that withdrawal of the reference is warranted where, as here, (a) a jury trial right attaches to the claim sought to be tried, and (b) the party entitled to the jury trial has asserted that right and has not consented to a final determination by a bankruptcy court. Because Bluestone is entitled to a jury trial on Count II, has timely invoked

that right, and has not consented to a final determination by the Bankruptcy Court, cause to withdraw the reference "automatically exists."

## II. CAUSE EXTENDS TO SUPPORT THE WITHDRAWAL OF FIRSTENERGY'S PURPORTED TURNOVER CLAIM AS WELL.

Further, Bluestone's properly exercised jury trial right is grounds for withdrawal not only of the non-core breach of contract claim (Count II), but also of the Plaintiff's "turnover claim" (Count I).  District Courts routinely allow withdrawal of the reference even in "core" cases where the applicable factors counsel in favor of withdrawal.  See In re Holman, 325 B.R. 569, 572 (E.D. Ky. 2005); see also In re Northwest Airlines, 384 B.R. 51, 59 (S.D.N.Y. 2008) (collecting authority of courts withdrawing the reference in core proceedings).  Courts have specifically held that "the need for a jury trial outweighs the determination that the matter is a core proceeding and supports granting a motion to withdraw." Steed v. Knox Forex Grp., LLC (In re Rivas), 2009 U.S. Dist. LEXIS 81546, *8 (E.D. Tenn. Sept. 8, 2009); see also Adelsperger v. 3D Holographics Med. Imaging, Inc., 2019 U.S. Dist. LEXIS 85792, * 10 – 11 (N.D. Ind. May 21, 2019) (granting motion to withdraw both core and non-core matters because "the circumstances of the claims are intertwined, and [] it would be impractical to separate them").

This is particularly true where, as here, the Plaintiff's claims are pleaded in the alternative and based upon exactly the same set of factual allegations and agreements.  Count I of FirstEnergy's Adversary Complaint is pleaded as a turnover claim under section 542 of the Bankruptcy Code.  Yet, in reality, Count I is nothing more than a garden variety breach of contract claim pleaded in the alternative as a turnover claim.  Count I seeks the <u>exact same relief</u> as the breach of contract claim asserted in Count II—recovery of an allegedly fixed amount of damages for Bluestone's purported failure to make a "Final Payment"—and will require consideration of the same evidence and same arguments.  Indeed, resolution of Count I will

5

18-05100-amk    Doc 27    FILED 06/24/19    ENTERED 06/24/19 16:03:39    Page 5 of 11

depend on findings of fact, such as the precise amount of coal sold and/or remaining and the amount of any payment owed, for which Bluestone has requested to be decided by a jury. FirstEnergy's two claims are thus so completely intertwined that it would impractical, if not impossible, to separate them.

Under these circumstances, "cause" plainly exists to withdraw the reference for all proceedings. See In re Sevko, Inc., 143 B.R. 114, 116 (Bankr. N.D. Ill. 1992) (separately pending matters in district and bankruptcy court, based upon the same common operative facts, was cause for withdrawal of reference, citing the need for "reducing duplicative proceedings to a single judicial forum"); In re Enviro Scope, Inc., 57 B.R. 1005, 1007 – 08 (E.D. Pa. 1985) (cause existed for withdrawing even the reference of a "core" proceeding to bankruptcy court where common factual and legal questions existed in proceedings pending before district court).

### III. THE REMAINING FACTORS WEIGH IN FAVOR OF WITHDRAWAL.

As noted in Bluestone's original Motion, these factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. See In re InkStop, Inc., supra, at *3 (N.D. Ohio Jan. 31, 2012) (citation omitted). Contrary to FirstEnergy's arguments, these factors weigh heavily in favor of withdrawing the reference.

#### A. Judicial Economy, Conservation Of The Parties' Resources, And Expeditious Case Resolution Are All Served By Withdrawing The Reference.

Generally speaking, in a non-core matter, "judicial economy is better served by withdrawing the reference and allowing a court of general jurisdiction to resolve the [whole] matter." Nukote Int'l, Inc. v. Office Depot, Inc., 2009 U.S. Dist. LEXIS 106702, *17 (M.D. Tenn. Nov. 16, 2009); see also Messinger v. Chubb Grp. Of Ins. Cos., 2007 U.S. Dist. LEXIS

35842, *6 – 7 (N.D. Ohio May 16, 2017) ("The court deciding this adversary proceeding will be faced with issues of contract interpretation, insurance law and federal declaratory judgment standards. While these issues are certainly not outside the scope of what a bankruptcy court can do, they equally are not within the specialized grant of jurisdiction to the bankruptcy court, and that distinction guides this Court to favor withdrawal."). Nonetheless, FirstEnergy contends that judicial economy is furthered by allowing the Bankruptcy Court to preside over this matter until it is "trial-ready," at which time this proceeding could be transferred to this Court for trial (if necessary). The Plaintiff's argument strains credulity.

As noted above, Bluestone is entitled to a jury trial on the breach of contract claim and has not consented to a final determination by the Bankruptcy Court. What this means in practical terms is that no matter what else happens in this case, the Bankruptcy Court can only make a recommendation to the District Court as it relates to Count II. See 28 U.S.C. § 157(c)(1). Then, this Court would be required to conduct a de novo review of the report before it could enter a final judgment, essentially doubling the time and expense required to adjudicate this matter. Having two judges separately review the same arguments and same evidence is not furthering judicial economy—it is undermining it. Indeed, this same problem arises if the reference is only withdrawn as to the breach of contract claim, leaving the turnover claim to be decided by the Bankruptcy Court. Under that scenario, this Court (and the parties) would certainly be faced with duplicative proceedings and unnecessary expenditures of time and money because any judgment entered by the Bankruptcy Court on the turnover claim is subject to an appeal to this Court requiring a de novo review. See 28 U.S.C. § 158(a).

FirstEnergy's repeated claim that it will win on summary judgment is likewise without merit. The Bankruptcy Court cannot enter a final judgment (only a recommendation) as to the

7

18-05100-amk    Doc 27    FILED 06/24/19    ENTERED 06/24/19 16:03:39    Page 7 of 11

breach of contract claim, and FirstEnergy is, frankly, highly unlikely to win on its purported turnover claim. Section 542(b) provides that "an entity that owes a debt that is <u>property of the estate</u> and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee." 11 U.S.C. § 542(b) (emphasis added). However, it is well settled that "where the amount to be turned over is subject to dispute, an action for turnover is improper." <u>VML Co., LLC v. Meguir's Inc. (In re VML Co., LLC)</u>, 2017 Bankr. LEXIS 4625, *33 (Bankr. W.D. Tenn. Mar. 10, 2017); <u>see also</u> <u>In re Mobley</u>, <u>supra</u>, at **8 – 9 ("[A]n action brought under § 542 for turnover cannot be used as a method to determine disputed rights of parties to property; rather, turnover is a limited remedy for a trustee to obtain what is acknowledged to be property of the bankruptcy estate.").

Here, FirstEnergy does not seek to "turnover" the remaining (if any) coal in the stockpile—it seeks monetary damages for an undetermined amount of coal. Throughout its Complaint, FirstEnergy describes both the amount of coal and the amount of money allegedly owed in equivocal terms, as "roughly" or "approximately." <u>See</u> Complaint [Doc. 1], at ¶¶ 12, 14.[2] Even in its Opposition to Bluestone's Motion to Dismiss, FirstEnergy again and again describes the tonnage as being "roughly" measured.[3] <u>See</u> Opposition [Doc. 9], n. 3 and p. 4. These facts are confirmed by FirstEnergy's other filings, including its Statement of Financial Affairs and the Schedules to its Petition in May 2018, which lists a "Potential Litigation Claim" against Bluestone but the amount requested and current value of the Debtor's interest are listed as "undetermined." [<u>See</u> Doc. 547, p. 39.] Put simply, FirstEnergy cannot obtain a "turnover" of

---

[2] Counting the Complaint, FirstEnergy has made demands for payment from Bluestone seeking three (3) separate amounts of money based upon three (3) separate amounts of coal allegedly remaining, thereby establishing that the amount of FirstEnergy's claim is unliquidated and therefore not a proper turnover claim.

[3] Before this Court, however, FirstEnergy has conveniently omitted that language, instead suggesting that the amounts of coal and its purported damages are precise, fixed numbers. <u>See</u> Response at p. 3.

8

a disputed, unliquidated amount. FirstEnergy's unrestrained optimism about its likelihood of success on its turnover claim should thus be tempered, if not abandoned. Regardless, it fails to provide a basis for denying Bluestone's Motion to Withdraw.

> **B.** **In This Case There Are No Legitimate Concerns About Uniformity In Bankruptcy Administration Or Forum Shopping.**

Because Count II of the Adversary Complaint is based entirely upon state law, there is no concern here that the Bankruptcy Court should preside so as to protect the uniform administration of bankruptcy law. To the contrary, significant authority holds that District Courts are better suited to preside over such claims. See Messinger, supra, 2007 U.S. Dist. LEXIS 35842, at *6 – 7; see also In re Petition of McMahon, 222 B.R. 205, 208 (S.D.N.Y. 1998) ("[U]niformity in the administration of bankruptcy law will not be affected as the breach of contract claim does not turn on bankruptcy law."). Further, Bluestone has not filed a proof of claim and is not party to the Plaintiff's main bankruptcy case.

Similarly, there is no concern about forum shopping in this case. FirstEnergy does not actually argue, so much as intimate, that Bluestone may be forum shopping. Yet, nothing could be further from the truth. Bluestone merely seeks to enforce its right to a jury trial in the proper forum on the Plaintiff's state-law based claim and for that process to be as efficient and free of redundancies as possible. The breach of contract claim is based upon an agreement and actions that occurred pre-petition, and, but for FirstEnergy's bankruptcy, would have necessarily been brought in a federal district court.

## CONCLUSION

Perhaps the court in Emerson v. Trinish, 2014 U.S. Dist. LEXIS 84237, *10 (N.D. Ohio June 20, 2014), put it best. Where, as here, the cause is going to come before the District Court at some point when a party exercises its right to a jury trial and does not consent to bankruptcy

9

court adjudication, it makes sense just to withdraw the reference and be done with it. "Whether through de novo review of a bankruptcy court summary judgment ruling or by conducting a jury trial, this adversary proceeding will likely require a final decision from the Court in the future. Classification of this claim as a non-core proceeding, [defendant's] jury trial demand, judicial economy, and preserving the parties' resources thus all point in favor of withdrawing the reference and issuing a final decision in this Court." Id.

For the foregoing reasons, Bluestone respectfully requests that the Court withdraw the reference of this Adversary Proceeding from the Bankruptcy Court.

                          Respectfully submitted

                          /s/ Richard A. Getty
                          RICHARD A. GETTY
                          (Ohio Bar #23245)

                          THE GETTY LAW GROUP, PLLC
                          1900 Lexington Financial Center
                          250 West Main Street
                          Lexington, Kentucky 40507
                          Telephone: (859) 259-1900
                          Facsimile: (859) 259-1909
                          rgetty@gettylawgroup.com

                          COUNSEL FOR DEFENDANT
                          BLUESTONE ENERGY SALES CORP.

**CERTIFICATE OF SERVICE**

      It is hereby certified that a copy of the foregoing Reply Memorandum In Support Of Defendant's Motion To Withdraw The Reference was served on this the 24th day of June, 2019, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and applicable Standing Order(s), if any, upon the following:

| | |
|---|---|
| Marc B. Merklin (0018195)<br>   and<br>Kate M. Bradley (0074206)<br><br>BROUSE MCDOWELL LPA<br>338 South Main Street, Suite 500<br>Akron, Ohio 44311-4407<br>Telephone: (330) 535-5711<br>Facsimile: (330) 253-8601<br>mmerklin@brouse.com<br>kbradley@brouse.com | Ira Dizengoff (admitted *pro hac vice*)<br>Lisa Beckerman (admitted *pro hac vice*)<br>Joseph Sorkin (admitted *pro hac vice*)<br>   and<br>Christopher Gessner (admitted *pro hac vice*)<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>idizengoff@akingump.com<br>lbeckerman@akingump.com<br>jsorkin@akingump.com<br>cgessner@akingump.com |

                                                                /s/ Richard A. Getty<br>                                                                COUNSEL FOR DEFENDANT

mwepld0738