# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION at AKRON

| | |
|---|---|
| **IN RE FIRSTENERGY SOLUTIONS CORP., ET AL.,**<br><br>Debtors | Case No. 18-50757-AMK<br><br>Chapter 11<br><br>**Honorable Alan M. Koschik,**<br>**United States Bankruptcy Judge** |
| **FIRSTENERGY SOLUTIONS CORP.,**<br><br>Plaintiff,<br><br>V.<br><br>**BLUESTONE ENERGY SALES CORP.,**<br><br>Defendant. | **Adversary Proceeding 18-5100** |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Bluestone Energy Sales Corp. ("Bluestone"), through counsel, for its Answer to the Complaint [D.I. 1] filed by the Plaintiff FirstEnergy Solutions Corp. ("FES" or "Plaintiff"), respectfully states as follows:

The initial unnumbered paragraph of the Complaint contains an introductory statement to which no response is required. To the extent a response is appropriate, Bluestone is without knowledge or information sufficient to form a belief as to the truth of any allegations in that paragraph and on that basis denies such allegations in full.

1. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 1 of the Complaint and on that basis denies those allegations in full.

2. Bluestone admits the allegations in numerical paragraph 2 of the Complaint.

3. Bluestone denies that this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, denies that this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(E), denies and does not consent that this Court may enter a final order or judgment consistent with these statutes and Article III of the United States Constitution, and denies any remaining allegations in numerical paragraph 3 of the Complaint.

4. Bluestone denies that venue is proper in the Bankruptcy Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1408-09.

5. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 5 of the Complaint and on that basis denies those allegations in full.

6. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 6 of the Complaint and on that basis denies those allegations in full.

7. Bluestone admits that the parties entered into the Coal Purchase Agreement attached as Exhibit A to the Complaint but denies the characterization of the terms of that Agreement by the remaining allegations in numerical paragraph 7 of the complaint and therefore denies same.

8. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 8 of the Complaint regarding any relationship between FirstEnergy Generation, LLC and Monongahela Power Company and their interests in the coal at issue in this case and on that basis denies those allegations in full. Bluestone admits that the coal stockpile that was the subject of the Coal Purchase Agreement was located on

Bluestone's property at the Bent Mountain Operation near Meta, Kentucky at certain points in time, but otherwise denies the allegations in numerical paragraph 8 of the Complaint.

9. Bluestone denies the allegations in numerical paragraph 9 of the Complaint and states that the terms of the Coal Purchase Agreement speak for themselves.

10. Bluestone denies the allegations in numerical paragraph 10 of the Complaint and states that the terms of the Coal Purchase Agreement speak for themselves.

11. Bluestone denies the allegations in numerical paragraph 11 of the Complaint and states that the terms of the Coal Purchase Agreement speak for themselves.

12. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 12 of the Complaint and on that basis denies those allegations in full.

13. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 13 of the Complaint and on that basis denies those allegations in full.

14. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 14 of the Complaint and on that basis denies those allegations in full.

15. Bluestone denies the allegations in numerical paragraph 15 of the Complaint.

16. Bluestone denies the allegations in numerical paragraph 16 of the Complaint.

17. Bluestone denies the allegations in numerical paragraph 17 of the Complaint.

18. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 18 of the Complaint and on that basis denies those allegations in full.

19. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 19 of the Complaint and on that basis denies those allegations in full.

20. Bluestone denies the allegations in numerical paragraph 20 of the Complaint.

21. Numerical paragraph 21 of the Complaint is an incorporation paragraph to which no response is required, but, to the extent it is appropriate to respond, Bluestone repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 20 of this Answer as if fully set forth herein.

22. Numerical paragraph 22 of the Complaint cites a legal conclusion to which no response is necessary. Notwithstanding, Bluestone denies the characterization in numerical paragraph 22 of the Complaint that the quotes therein of portions of the United States Bankruptcy Code are "in pertinent part," but otherwise states that the United States Bankruptcy Code speaks for itself.

23. Numerical paragraph 23 of the Complaint cites a legal conclusion to which no response is necessary. Notwithstanding, Bluestone denies the characterization in numerical paragraph 23 of the Complaint that the quotes therein of portions of the United States Bankruptcy Code are "in pertinent part," but otherwise states that the United States Bankruptcy Code speaks for itself.

24. Numerical paragraph 24 of the Complaint cites a legal conclusion to which no response is necessary. Notwithstanding, Bluestone denies the characterization in numerical paragraph 24 of the Complaint of portions of the United States Bankruptcy Code, but otherwise states that the United States Bankruptcy Code speaks for itself.

25. Bluestone denies the allegations in numerical paragraph 25 of the Complaint.

26. Bluestone denies the allegations in numerical paragraph 26 of the Complaint.

27. Bluestone denies the allegations in numerical paragraph 27 of the Complaint.

28. Numerical paragraph 28 of the Complaint is an incorporation paragraph to which no response is required, but, to the extent it is appropriate to respond, Bluestone repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 27 of this Answer as if fully set forth herein.

29. Bluestone denies the allegations in numerical paragraph 29 of the Complaint.

30. Bluestone denies the allegations in numerical paragraph 30 of the Complaint.

31. Bluestone is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 31 of the Complaint and on that basis denies those allegations in full.

32. Bluestone denies the allegations in numerical paragraph 32 of the Complaint.

33. Bluestone denies the allegations in numerical paragraph 33 of the Complaint.

34. All allegations of the Complaint not expressly admitted above are hereby denied.

## AFFIRMATIVE DEFENSES

35. The Complaint fails to state a claim upon which relief may be granted.

36. The Bankruptcy Court lacks subject matter jurisdiction.

37. The Courts in the Northern District of Ohio lack appropriate venue.

38. The Courts in the Northern District of Ohio lack personal jurisdiction over the Defendant.

39. The claims in the Complaint are barred by the doctrines of accord and satisfaction, estoppel, laches, payment, and waiver, in that the Plaintiff, among other things,

agreed to and/or acquiesced in the Defendant paying for the coal at issue only after the coal was resold and paid for by other customers of the Defendant.

40. The claims in the Complaint are barred by any other affirmative defenses the applicability of which to this case may be adduced during this matter.

WHEREFORE, Bluestone respectfully requests the following relief against the Plaintiff, and entry of judgment against the Plaintiff as follows:

A. Withdrawal of the reference from this Bankruptcy Court to the United States District Court for Northern District of Ohio;

B. Dismissal with prejudice of Count I of the Complaint;

C. Dismissal with prejudice of Count II of the Complaint;

D. Trial by jury on all issues in this case so triable;

E. Any and all other appropriate relief to which the Defendant may be entitled as may be deemed just and proper, including but not limited to costs and fees.

Respectfully submitted

/s/ Richard A. Getty
RICHARD A. GETTY
(Ohio Bar #23245)
    and
C. THOMAS EZZELL (admitted *pro hac vice*)

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
Telephone: (859) 259-1900
Facsimile: (859) 259-1909
rgetty@gettylawgroup.com
tezzell@gettylawgroup.com

COUNSEL FOR DEFENDANT
BLUESTONE ENERGY SALES CORP.

# CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Answer was served on this the 28th day of May, 2019, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and applicable Standing Order(s), if any, upon the following:

Marc B. Merklin (0018195)
    and
Kate M. Bradley (0074206)
BROUSE MCDOWELL LPA
338 South Main Street, Suite 500
Akron, Ohio 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com

Ira Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Joseph Sorkin (admitted *pro hac vice*)
    and
Christopher J. Gessner (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
aqureshi@akingump.com
jsorkin@akingump.com
cgessner@akingump.com

COUNSEL FOR PLAINTIFF
FIRSTENERGY SOLUTIONS CORP.

ctepld0573