UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FIRSTENERGY SOLUTIONS CORP.,** ) | **CASE NO. 5:19MC95** |
| ) | **BANKRUPTCY CASE NO. 18-50757** |
| **Plaintiff,** ) | |
| ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. ) | |
| ) | |
| **BLUESTONE ENERGY SALES CORP.,** ) | **OPINION AND ORDER** |
| ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #1) of Defendant Bluestone Energy Sales Corp. for Withdrawal of Bankruptcy Reference of the Adversary Proceeding (18-5100) filed by Plaintiff FirstEnergy Solutions Corp. For the following reasons, the Motion is denied and the captioned Miscellaneous Case is terminated and removed from the Court's active docket.

**I. BACKGROUND**

On October 10, 2016, Bluestone and FirstEnergy entered into a Coal Purchase Agreement, under which Bluestone agreed to purchase coal and pay for it as the coal was sold to third parties. FirstEnergy claims that Bluestone breached the Agreement by failing to make

the "final payment" by March 7, 2017.

On March 31, 2018, FirstEnergy filed its Chapter 11 Voluntary Petition in Bankruptcy. In December 2018, FirstEnergy commenced this Adversary Proceeding against Bluestone, asserting one claim for Turnover of Estate Property under Section 542 of the Bankruptcy Code and one claim for Breach of Contract.

Bluestone moved to dismiss the Turnover Claim. Following briefing and oral argument, the Bankruptcy Court denied the Motion to Dismiss.

Bluestone filed its Answer and then filed for Withdrawal of the Reference of the Adversary Proceeding to the United States District Court. The Bankruptcy Court ordered discovery to continue while the District Court hears and considers Bluestone's Motion.

First, Bluestone insists that the issues raised in the Adversary Proceeding are not core proceedings as contemplated by 28 U.S.C. § 157. Second, Bluestone contends that it is entitled to a jury trial under the Seventh Amendment of the United States Constitution, it has made a jury demand; and does not consent to a jury trial in the Bankruptcy Court. Third, Bluestone argues that judicial economy and efficiency favor the immediate transfer of the Adversary Proceeding to the District Court, including both the Breach of Contract Claim and the Turnover Claim.

## II. LAW AND ANALYSIS

**28 U.S.C. § 157**

28 U.S.C. § 157(d) of the Bankruptcy Code authorizes the District Court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In the absence of a determination

that resolution of a proceeding requires consideration of both Title 11 and other federal law regulating organizations or activities that affect interstate commerce, withdrawal of reference to the bankruptcy court is discretionary.  *Id*.  In the instant matter, neither party has alleged any of the factors requiring mandatory withdrawal; therefore, withdrawal of the reference is discretionary and dependent upon a showing of cause.

Neither the Bankruptcy Code nor the Sixth Circuit has defined "cause."  However, several courts have formulated a non-exhaustive list of factors for the District Court to consider.  These factors include:  judicial economy; uniformity in bankruptcy administration; reducing forum-shopping and confusion; conserving debtor and creditor resources; expediting the bankruptcy process; whether jury trial has been requested; and whether the proceeding is core or non-core.  *Corzin v. Harvey* (*In re Commercial Maint. & Repair, Inc*.), No. 5:06-MC-46, 2007 WL 2815211 at *1 (N.D.Ohio Sept. 26, 2007).   The policy consideration weaving through these decisions is that "the 'cause' requirement for permissive withdrawal reflects congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *Holland v. LTV Steel Co., Inc*., 288 B.R. 770, 774 (N.D.Ohio 2002).  District courts must be mindful that "withdrawal of a reference is not intended to be an 'escape hatch' from bankruptcy court into district court" and relief should be granted "only in a limited class of proceedings."  *Holland*, 288 B.R. at 772-73.  The moving party bears the burden of demonstrating that the reference should be withdrawn.  *In re Commercial Maint. & Repair*, 2007 WL 2815211 at *1.

### Core or Non-Core Proceeding

Pursuant to 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge ***shall*** determine, on the

judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." (Emphasis added). "The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference." *See* 28 U.S.C. §157(b)(3); *Messinger v. Chubb Group of Ins. Cos*., No.1:06mc121, 2007 WL 1466835 at *2 (N.D. Ohio May 16, 2007).

The parties do not dispute that the Bankruptcy Court has not yet made a ruling on whether this Adversary Proceeding involves core or non-core proceedings. Thus, Defendant's Motion for Withdrawal of Reference is untimely and premature.

Assuming the proceeding is non-core and Defendant has the right to a jury trial on the claims asserted in FirstEnergy's Complaint, the withdrawal is inappropriate because the litigation of the Adversary Proceeding is in its early stages, discovery is ongoing, summary judgment has not been filed and the matter is not "trial-ready." *In re Enron Corp*., 318 B.R. 273, 275 (S.D.N.Y. 2004). The Bankruptcy Court is in a superior position since it has been dealing with FirstEnergy's Petition for nearly a year and a half, to manage and handle these complex pre-trial proceedings and to ascertain the relationship of the contract claim to the ongoing bankruptcy matters.

**Judicial Economy and Uniformity in Bankruptcy Administration**

This Court finds withdrawal of the reference would delay and obstruct, rather than expedite, the bankruptcy process. Considerable time, effort and resources would need to be marshaled to familiarize the District Court with the issues in this case. On the other hand, the

Bankruptcy Court is fully knowledgeable about the parties and the claims.  To institute the Adversary Proceeding in District Court would create piece-meal determinations of possibly intimately intertwined issues.

Moreover, if per Bluestone's assertion, the Turnover Claim and Breach of Contract Claim are based upon the same facts and constitute arguably alternative pleadings, the Court finds that weighs equally in favor of denying withdrawal of the reference and preventing duplicative proceedings.

### III. CONCLUSION

Defendant-Movant Bluestone Energy Sales Corp. has not met its burden of demonstrating the reference should be withdrawn.  Because the parties never requested, and the Bankruptcy Court never determined, whether the Adversary Proceeding is core or non-core; because the proceeding is not "trial-ready;" and because the policies of judicial economy, uniform bankruptcy administration, and the prevention of forum-shopping and confusion militate against withdrawal, the Motion for Withdrawal of Bankruptcy Reference (ECF DKT #1) is untimely, premature and therefore, denied.  Furthermore, the captioned Miscellaneous Case is terminated and removed from the Court's active docket.

**IT IS SO ORDERED.**

**DATE: July 30, 2019**

>               s/Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**